NO. 07-10-0211-CR

 

IN
THE COURT OF APPEALS

 

FOR
THE SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL
E

 

AUGUST 23, 2011

 

______________________________

 

 

JIMMY
DORSEY, APPELLANT

 

V.

 

THE
STATE OF TEXAS, APPELLEE

 

_________________________________

 

FROM
THE 47TH DISTRICT COURT OF POTTER COUNTY;

 

NO.
60,615-A; HONORABLE DAN SCHAAP, JUDGE[1]

_______________________________

 

Before HANCOCK
and PIRTLE, JJ. and BOYD, S.J.[2]

MEMORANDUM
OPINION

            Following a plea of not guilty,
Appellant, Jimmy Dorsey, was convicted by a jury of unauthorized use of a
vehicle,[3]
enhanced, and sentenced to thirteen years confinement.  In presenting this appeal, counsel has filed
an Anders[4]
brief in support of a motion to withdraw. 
We grant counsel=s motion and affirm.

In support of his motion to withdraw, counsel
certifies he has conducted a conscientious examination of the record and, in
his opinion, the record reflects no potentially plausible basis to support an
appeal.  Anders v.
California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); In
re Schulman, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008).  Counsel candidly discusses why, under the
controlling authorities, the appeal is frivolous.  See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).  Counsel has demonstrated that he has complied
with the requirements of Anders and In re Schulman by (1)
providing a copy of the brief to Appellant, (2) notifying him of his right to
file a pro se response if he desired
to do so, and (3) informing him of his right to file a pro se petition for discretionary review.  In re Schulman, 252
S.W.3d at 408.[5]  By letter, this Court granted Appellant
thirty days in which to exercise his right to file a response to counsel=s brief,
should he be so inclined.  Id. at 409 n.23. 
Appellant did not file a response.  Neither did the State favor us with a brief.

            The victim, Eddie
England, testified that he and Appellant met at a pub and he offered Appellant
a ride to a friend's home afterwards. 
Appellant later showed up at England's and England, believing Appellant
was a prowler, called police.  After
officers arrived, the mistake was cleared up and England allowed Appellant to
stay with him.  According to England, the
next morning in the garage, Appellant made unwanted sexual advances toward him
and when he dozed off in a chair, he was hit by Appellant with a bottle.  When he woke up, he was again attacked by
Appellant with a knife.  England made it
to the bathroom to wash up and then noticed Appellant drive away in his pickup.  He called the police and after they arrived,
he was taken to a local hospital and then flown to Lubbock by helicopter for
further treatment.  England testified
that Appellant did not have permission to take his pickup.

During his testimony, Appellant offered a
conflicting version of the events leading to England's injuries.  Appellant testified that he had met England a
week earlier at a pub and encountered him again a week later.  He claims England offered him a ride to his
home where they drank excessively and talked for hours in England's
garage.  According to Appellant, he asked
to use the bathroom and as he tried to enter the house, England made unwanted
sexual advances toward him which included grabbing him by the neck and buttocks.  In an attempt to defend himself against a
sexual assault, Appellant struck England on the head with a bottle and also
picked up a knife to continue defending himself.  According to Appellant, he saw England's
pickup keys on a table, picked them up, and managed to drive away in England's
pickup.  

            By the Anders brief, counsel raises the legal
and factual sufficiency of the evidence as an arguable issue[6]
and then candidly discusses the State's evidence as well as Appellant's
testimony as being sufficient to prove the elements of unauthorized use of a
vehicle.  He also notes that Appellant
was given every defensive instruction requested and was zealously represented
by trial counsel.  Although Appellant
testified to raise the defenses of self defense and necessity, Tex. Penal Code
Ann. §§ 9.22 and 9.31 (West 2011), the jury rejected his theories.  

            We have independently
examined the entire record to determine whether there are any non-frivolous
issues which might support the appeal.  See
Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); In
re Schulman, 252 S.W.3d at 409; Stafford v. State, 813 S.W.2d
503, 511 (Tex.Crim.App. 1991).  We have
found no such issues.  See Gainous v. State, 436 S.W.2d 137
(Tex.Crim.App. 1969).  After reviewing
the record and counsel=s brief, we agree with counsel that
there are no plausible grounds for appeal. 
See Bledsoe v. State, 178 S.W.3d 824
(Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted
and the trial court=s judgment is affirmed. 

                                                                                    Patrick A. Pirtle

                                                                                          Justice

Do
not publish.

 











[1]Hon.
David Gleason, sitting by assignment, Tex. Gov't Code Ann. § 75.002(a)(3) (West 2005).





[2]Hon.
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.  Tex. Gov't Code Ann. §
75.002(a)(1) (West 2005).





[3]Tex. Penal Code Ann. § 31.07 (West 2011).





[4]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967).





[5]Notwithstanding that Appellant was informed of his
right to file a pro se petition for
discretionary review upon execution of the Trial Court=s Certification of Defendant=s Right of Appeal, counsel must comply with Rule 48.4 of the Texas Rules of Appellate
Procedure which provides that counsel shall within five days after this opinion
is handed down, send Appellant a copy of the opinion and judgment together with
notification of his right to file a pro
se petition for discretionary review.  In re Schulman, at
408 n.22 & at 411 n.35.





[6]The only standard
that a reviewing court should apply in determining whether the evidence is
sufficient to support each element of a criminal offense the State is required
to prove beyond a reasonable doubt is the standard set forth in Jackson v.
Virginia, 443 U.S.
307, 33 S.Ct. 2781, 61 L.Ed.2d 560 (1979). 
See Brooks
v. State, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010).